UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
AARON LUWISCH, et al.,

                Plaintiffs,

  -against-                                **MEMORANDUM & ORDER**
                                              11-CV-4551 (RRM) (MDG)

PHILADELPHIA INSURANCE COMPANIES,

                Defendant.
------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      This is an action to recover on a commercial property insurance policy for a business interruption caused by a fire at the insured premises in July 2007. Individual plaintiff Aaron Luwisch, principal of corporate plaintiffs Victory Sports Arena, West Shore Tennis Club Inc. and Frozen Ropes, LLC, brought this action in New York State Supreme Court in June 2011. Defendant Philadelphia Indemnity Insurance Company, sued under the trade name Philadelphia Insurance Companies, removed the case to federal court in September 2011 pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.

      On March 2, 2012, Magistrate Judge Go issued a Report and Recommendation ("R&R") recommending dismissal of all claims brought by the corporate plaintiffs for failure to obtain counsel. None of the plaintiffs objected to the R&R, and on April 9, 2012, the Court adopted the R&R in its entirety and ordered Luwisch, the remaining individual plaintiff who is proceeding *pro se*, to submit a letter to the Court within a week, or by April 16, advising the Court whether he intends to continue to pursue this action and if so, setting forth the legal and factual bases upon which he intends to oppose defendant's proposed motion to dismiss. Plaintiff was notified that failure to comply with the April 9 Order will result in a dismissal of the action for failure to prosecute. (*See* Doc. No. 7.) The Court mailed a copy of the April 9, 2012 Order via FedEx

Overnight to Luwisch's last known address twice, once on April 10, 2012 and again on June 14, 2012.[1] To date, Luwisch has failed to communicate with the Court.

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). When contemplating the dismissal of a case for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b), the Court considers the following factors:

1) the duration of plaintiff's failures or non-compliance;
2) whether plaintiff had notice that such conduct would result in dismissal;
3) whether prejudice to the defendant is likely to result;
4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see also Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Here, individual plaintiff Luwisch has failed diligently to pursue his claim. Plaintiff received the court's April 9 Order on June 18, 2012, which required him to advise the Court as to whether he intended to pursue this action and, if so, the bases on which he intended to oppose defendant's proposed motion to dismiss. Plaintiff failed to respond as ordered. Moreover,

---

[1] The FedEx Overnight tracking numbers for the April 10, 2012 and June 14, 2012 deliveries are, respectively, 875943003187 and 875943003213. A search in FedEx's online tracking website, http://www.fedex.com/Tracking, reflects that while the first delivery was returned to sender on April 19, 2012, the second delivery was delivered on June 18, 2012.

2

plaintiff was plainly advised that failure to comply with the court's April 9 Order would result in a dismissal of the action for failure to prosecute. In fact, plaintiff has not communicated with the Court in any way in the ten months since the present action was removed to this Court, and his failure to respond to the court's order and defendant's request to move for dismissal have significantly delayed the resolution of this action. "[P]rejudice to defendants from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "The authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

"Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted); *cf. Civil v. New York City Dep't of Corr.*, No. 91 Civ. 2946(SS), 1993 WL 51156, at *2 (S.D.N.Y. Feb. 23, 1993) ("A party who seeks to vindicate his rights through the judicial system must at least attempt to play by the rules of that system. At a minimum, this means communicating with adversaries and with the court in a timely and meaningful manner, and obeying the orders of the Court."). As plaintiff has failed to meet his basic obligations in this case, dismissal is warranted as it appears that plaintiff has abandoned his case. However, under the circumstances here, the lesser sanction of dismissal without prejudice (rather than *with* prejudice) is appropriate to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity.

For the reasons set forth above, plaintiff's claims are DISMISSED without prejudice. The Clerk of Court shall enter judgment accordingly and close the case. The Clerk of Court is further directed to mail a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
July 11, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge